**FILED**
**Jan 25, 2019**
**07:15 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT GRAY

| | |
|---|---|
| **BRIAN BECK,** ) | **Docket Number: 2018-02-0470** |
| **Employee,** ) | |
| **v.** ) | |
| **RICKIE NEAL, d/b/a NEAL'S** ) | **State File Number: 64580-2018** |
| **REMODELING,** ) | |
| **Employer.** ) | |
| ) | **Judge Brian K. Addington** |

## EXPEDITED HEARING ORDER

This case came before the Court on January 22, 2019, on Mr. Beck's request for medical and temporary total disability benefits for an injury he sustained due to a fall from a ladder. Mr. Neal countered that Mr. Beck was not an employee and did not fall but jumped to the ground. For the reasons below, the Court holds Mr. Beck is likely to succeed at a hearing on the merits in proving he was an employee and that he fell from the ladder, and he is entitled to medical and temporary disability benefits.

### History of Claim

Mr. Beck worked one month for Mr. Neal, an uninsured employer, remodeling homes. Mr. Neal intended to hire Mr. Beck as an independent contractor but paid him twelve dollars per hour, controlled the conduct and time of Mr. Beck's work, and provided tools for the job. Mr. Beck testified he worked forty hours per week.

While working on a remodeling job on August 14, 2018, in Gray, Tennessee, Mr. Beck disturbed a wasp nest and fell twelve feet from a ladder to the ground. Mr. Neal admitted he did not see Mr. Beck fall and assumed he jumped from the ladder. EMS transported Mr. Beck to the emergency room where Dr. Michael Sutherland diagnosed a broken heel and discharged him with a walking boot and medication, and referred him to Appalachian Orthopedics.

The next day Mr. Beck saw Dr. Reagan Parr's physician assistant, who confirmed the broken heel and found significant swelling. He noted that Mr. Beck should observe

1

strict non-weight bearing and return to Dr. Parr. During a follow-up examination, Dr. Parr indicated the fracture did not need surgical repair and continued Mr. Beck's non-weight bearing restrictions. On October 5, Dr. Parr modified the restrictions to no climbing, no standing over ten minutes per hour, limited walking and working restricted to level ground. Dr. Parr set a return appointment, but the parties did not provide medical records beyond the October 5 appointment.

Mr. Beck did not return to work for Mr. Neal. He obtained a job in early January 2019 earning nine dollars per hour and working thirty hours per week.

Mr. Beck argued he was entitled to payment of past and ongoing medical treatment with the emergency providers and Dr. Parr. He requested temporary disability benefits from the date of the injury until January 2019 when he returned to work. Mr. Neal argued that Mr. Beck was not entitled to the requested benefits because he was not an employee and he jumped from the ladder.

## Findings of Fact and Conclusions of Law

Mr. Beck must present sufficient evidence that he is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2018).

First, regarding whether Mr. Beck was an employee or independent contractor, the evidence supports Mr. Beck's position that he was an employee. The factors a court must consider in determining whether a person is an employee or independent contractor are in Tennessee Code Annotated section 50-6-102(12)(D)(i). The applicable statutory factors are that Mr. Neal directed the method of payment, controlled the schedule and the work, and provided the tools. The Court holds that Mr. Beck is likely to succeed in a hearing on the merits in proving he was Mr. Neal's employee.

Second, Mr. Beck provided sufficient evidence to show his injury occurred in the course and scope of his work. The fact he fell and injured his heel at work was obvious and confirmed by the medical records. Mr. Neal did not see the incident but asserted that Mr. Beck jumped from the ladder. The Court finds Mr. Beck provided sufficient evidence that he fell attempting to avoid wasps.

Third, because Mr. Neal did not provide medical benefits, Mr. Beck sought treatment at the emergency room and with Dr. Parr. Because of Mr. Neal's failure to provide medical benefits, Mr. Beck was reasonable in seeking his own treatment. *See Hackney v. Integrity Staffing Solutions,* 2016 TN Wrk. Comp. App. Bd. LEXIS 29, at *8-9 (July 22, 2016). Because Dr. Parr has already provided substantial care to Mr. Beck, the Court designates him the authorized physician and orders Mr. Neal to pay for any reasonable and necessary medical expenses incurred due to the injury.

2

Finally, Mr. Beck requested temporary disability benefits for his lost time. The Court finds he credibly testified that he earned twelve dollars per hour working forty hours per week for Mr. Neal. Thus, he established an average weekly wage of $480 yielding a compensation rate of $320.

For temporary total disability benefits, Mr. Beck must show he is likely to prove: (1) a disability from working as the result of a compensable injury; (2) a causal connection between the injury and the inability to work; and (3) the duration of the period of disability. *Shepherd v. Haren Const. Co., Inc.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 15, at *13 (Mar. 30, 2016). The medical records indicate Mr. Beck could not work from the injury date until October 5, or seven weeks and three days. At the weekly compensation rate of $320.00, Mr. Beck is entitled to temporary total disability benefits of $2,377.13. The Court holds Mr. Beck is to likely prove entitlement to those benefits at trial.

However, concerning temporary partial disability benefits, Mr. Beck did not produce evidence of an inability to work beyond October 5 or specific dates of his return to work. He might be entitled to further temporary benefits on a showing that he was unable to work, or earn the same wage, until a physician places him at maximum medical improvement.

**IT IS, THEREFORE, ORDERED** as follows:

1. The Court designates Dr. Parr as Mr. Beck's authorized physician. Mr. Neal shall pay all reasonable and necessary medical treatment provided or recommended by Dr. Parr.

2. Mr. Neal shall pay temporary total disability benefits totaling $2,377.13. Mr. Beck's request for temporary partial disability benefits is denied at this time.

3. This matter is set for a Scheduling Hearing on March 26, 2019, at 2:00 p.m. (EDT). **You must call toll-free at 855-543-5044 to participate in the Hearing. Failure to call in may result in a determination of the issues without your further participation.**

4. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please

3

contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED this the 25th day of January, 2019.**

_/S/ Brian K. Addington_
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1. Mr. Beck's Affidavit
2. Medical Records
3. Expedited Request for Investigation Report

Technical Record:
1. PBD
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Continuance Motion
5. Mr. Beck's Position Statement
6. Mr. Beck's Exhibit List
7. Mr. Beck's Witness List

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Order was sent to the following recipients by the following methods of service on January 24, 2014.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Daniel Bieger, Employee's Attorney | | | X | dan@biegerlaw.com |
| Rickie Neal, Employer | X | | X | rick24201@outlook.com 1608 Kentucky Avenue Bristol, TN 37620 |

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

5



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# EXPEDITED HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee** _____

v.

**Employer** _____

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

Judge_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information

**Type of Case** [Check the most appropriate item]

- ☐  Temporary disability benefits
- ☐  Medical benefits for current injury
- ☐  Medical benefits under prior order issued by the Court

## List of Parties

**Appellant (Requesting Party):**_____ At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

LB-1099   rev. 10/18                         Page  1 of 2                              RDA 11082

Employee Name: _____  SF#: _____ DOI: _____

## Appellee(s)

**Appellee (Opposing Party):** _____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*** Attach an additional sheet for each additional Appellee ***

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the _____ day of _____, 20 ___

[Signature of appellant or attorney for appellant] _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____ 

2. Address: _____

3. Telephone Number: _____

4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

    My employer's address is: _____

    My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ | per month | beginning _____ |
| SSI | $ _____ | per month | beginning _____ |
| Retirement | $ _____ | per month | beginning _____ |
| Disability | $ _____ | per month | beginning _____ |
| Unemployment | $ _____ | per month | beginning _____ |
| Worker's Comp. | $ _____ | per month | beginning _____ |
| Other | $ _____ | per month | beginning _____ |

LB-1108 (REV 11/15)                                                    RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental  $ _____ per month

     Groceries       $ _____ per month     Telephone      $ _____ per month

     Electricity      $ _____ per month     School Supplies $ _____ per month

     Water        $ _____ per month     Clothing       $ _____ per month

     Gas          $ _____ per month     Child Care     $ _____ per month

     Transportation $ _____ per month     Child Support   $ _____ per month

     Car          $_____ per month

     Other        $ _____ per month (describe: _____)

10. Assets:

     Automobile          $ _____      (FMV) _____

     Checking/Savings Acct. $ _____

     House             $ _____      (FMV) _____

     Other             $ _____      Describe:_____

11. My debts are:

| Amount Owed | To Whom |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____